UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JULIAN FORESTER,

                        Plaintiff,                              **OPINION & ORDER**
                                                                                    15-cv-0076 (SJF) (GRB)

       -against-

JENNIFER WEISBROT, individually, CHRISTOPHER
WARD, Shield no. 6065, individually and as a police
officer of the Suffolk County, N.Y. Police Dept., and
COUNTY OF SUFFOLK,

                        Defendants.
------------------------------------------------------------------X
**FEUERSTEIN, District Judge**:

      On January 12, 2015, plaintiff Julian Forester ("plaintiff") commenced this action against defendants Police Officer Christopher Ward ("Officer Ward") and the County of Suffolk (collectively, "County defendants") and Jennifer Weisbrot ("Weisbrot"), pursuant to 42 U.S.C. § 1983, alleging that he was falsely arrested in violation of his constitutional rights. *See* Complaint ("Compl."), Docket Entry ("DE") [1]. On May 9, 2016, this Court granted Weisbrot's motion for summary judgment and dismissed all claims against her. Minute Order, DE [19]. Currently before the Court is the County defendants' motion for summary judgment. Motion, DE [17]. For the reasons set forth herein, the motion is granted.

**I. BACKGROUND**

      The material facts are drawn from the Complaint and the County defendants' Statement Pursuant to Local Rule 56.1 ("Defs' 56.1 Stmt") and attachments, DE [17-1]. As plaintiff failed to submit a counter-statement as required by Local Civil Rule 56.1 (b), the facts set forth in the County defendants' statement are deemed admitted for purposes of the motion. *See* Local Civil Rule 56.1 (c).

On August 21, 2014 at approximately 4:50 p.m., Weisbrot called the County's 911 emergency system to report that plaintiff, who was her neighbor, was standing on her driveway at her home located at 23 Spinning Wheel Lane, Dix Hills, New York. Defs' 56.1 Stmt, ¶1. Officer Ward was dispatched to the scene in response to Weisbrot's 911 call. *Id.* ¶2. Officer Ward had previously responded to a dispute between plaintiff and Weisbrot's husband on May 17, 2014. Defs' 56.1 Stmt, ¶4. At that time, Officer Ward took Mr. Weisbrot into custody on a charge of harassment based on plaintiff's civilian complaint. *Id.* Mr. Weisbrot is not a party to this action and there is no indication that he was present on August 21, 2014.

On the date of the incident giving rise this lawsuit, Weisbrot informed Officer Ward that she wished to make a civilian arrest of plaintiff for trespass onto her property. *Id.* ¶4. To that end, she signed a Suffolk County Police Department Civilian Arrest Form (the "Civilian Arrest Form") charging plaintiff with trespass and demanding that Officer Ward take plaintiff into custody. *Id.*; Civilian Arrest Form, DE [17-4]. After Weisbrot completed the Civilian Arrest Form, plaintiff was taken into custody on a charge of trespass, a violation of New York Penal Law §140.05. Weisbrot proceeded to the Second Precinct on August 21, 2014 and executed a sworn Violation Information for trespass. The Violation Information states that:

> The Defendant, at 23 Spinningwheel Ln, Dix Hills, in the Town of Huntington, Suffolk County, New York, on or about August 21, 2014, at approximately 4:50 p.m., did knowingly enter or remained unlawfully in or upon premises; in that, the defendant Julian Forester did stand, and remain on the driveway at 23 Spinngwheel Ln, to observe work being done on his own driveway.

Violation Information, DE [17-5].

Plaintiff's complaint alleges that he was arrested without probable cause and that

2

Weisbrot gave a false statement to the police regarding the incident on August 21, 2014. Compl. ¶¶10-11. As plaintiff's claims against Weisbrot were previously dismissed, the remaining cause of action is a Section 1983 claim false arrest against the County defendants.[1]

## II. DISCUSSION

### A. Summary Judgment Standards

"Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir. 2003). In deciding a summary judgment motion, the district court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the opposing party, and "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation and citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano,* 557 U.S. 557, 586, 129 S. Ct. 2658, 174 L.Ed.2d 490 (2009) (internal quotation and citation omitted).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't,* 613 F.3d 336, 340 (2d Cir. 2010). Once this burden is met, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.,* 654

---

[1]The County defendants construe the complaint as additionally setting forth a false arrest claim against them under New York law. In his memorandum in opposition, however, plaintiff indicates that the state law claim "[w]as [a]sserted [o]nly [a]gainst [D]efendant [W]eisbrot." Plaintiff's Memorandum of Law in Opposition ("Pl's Opp.") at 2, DE [15].

F.3d 347, 358 (2d Cir. 2011). When, however, there is nothing more than a "metaphysical doubt as to the material facts," summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Dove v. City of New York*, No. 03-CV-5052, 2007 WL 805786, at *4 (E.D.N.Y. Mar. 15, 2007) (to defeat a motion for summary judgment, "the non-moving party must provide this Court with some basis to believe that his version of relevant events is not fanciful."(internal quotation and citations omitted)).

**B.     Claim for False Arrest under 42 U.S.C. §1983**

Section 1983 provides that no person may deprive another, under color of state law, of rights secured by the Constitution or the laws of the United States. 42 U.S.C. §1983. To state a claim under Section1983, plaintiff must establish (1) that the challenged conduct was committed by a person acting under color of state law, and (2) that such conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010). Here, plaintiff's Section 1983 claim is for false arrest in violation of the Fourth Amendment.

A false arrest claim based on the Fourth Amendment right to be free from unreasonable seizures is substantially the same as a false arrest claim under New York law. *See Jocks v. Tavernier,* 316 F.3d 128, 134 (2d Cir. 2003); *Weyant v. Okst,* 101 F.3d 845, 856 (2d Cir. 1996). A plaintiff establishes a claim for false arrest by proving that (1) defendants intended to confine him, (2) he was conscious of the confinement, (3) he did not consent to be confined, and (4) the confinement was not otherwise privileged. *Parisi v. Suffolk Cty.,* No. 04-CV-2187, 2009 WL 4405488, at *5 (E.D.N.Y. Nov. 30, 2009) (*citing Singer v. Fulton Cty. Sheriff,* 63 F.3d 110, 118

4

(2d Cir. 1995)).  Defendants contend that the false arrest claim must fail because the arresting officers had probable cause to arrest plaintiff and thus the confinement was otherwise privileged. "Under New York law, the existence of probable cause is an absolute defense to a false arrest claim." *Jaegly v. Couch,* 439 F.3d 149, 152 (2d Cir. 2006); *see also Weyant,* 101 F.3d at 852 (noting that probable cause to arrest is a complete defense to an action for false arrest "whether that action is brought under state law or under §1983").  Where there is "no dispute as to the pertinent events and the knowledge of the officers," the existence of probable cause may be determined as a matter of law.  *Weyant,* 101 F.3d at 852.

In determining whether probable cause for arrest existed, the court focuses on the facts available to the arresting officer at the time of the arrest.  "Probable cause exists when, based on the totality of circumstances, the officer has 'knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.'" *Finigan v. Marshall,* 574 F.3d 57, 62 (2d Cir. 2009) (*quoting Zellner v. Summerlin,* 494 F.3d 344, 368 (2d Cir. 2007)).  It is well-established in this Circuit that "'absent circumstances that raise doubt as to the victim's veracity,' a victim's report of a crime is generally enough, by itself, to establish probable cause." *Koester v. Lanfranchi,* 288 F. App'x 764, 766 (2d Cir. 2008) (quoting *Singer,* 63 F.3d at 119); *see also Curley v. Vill. of Suffern,* 268 F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity" (internal citations omitted)); *Little v. City of New York,* 487 F. Supp. 2d 426, 439 (S.D.N.Y. 2007) ("It is well-settled that police officers have probable cause to arrest if they

receive information from a complaining victim or other witness who they reasonably believe to be telling the truth"). Plaintiff has not suggested that the police had any reason to doubt the trustworthiness of Weisbrot's complaint regarding plaintiff's trespass on her property, and there is no evidence in the record sufficient to question her veracity. Accordingly, probable cause was established and plaintiff's false arrest claim fails.

**C. Qualified Immunity Defense**

Even assuming *arguendo* that there was no probable cause for plaintiff's arrest, defendant Ward is entitled to qualified immunity from suit for any constitutional violation claimed by plaintiff. In the absence of probable cause, an officer "will still be entitled to qualified immunity. . . if he can establish that there was 'arguable probable cause' to arrest." *Escalera v. Lunn,* 361 F.3d 737, 743 (2d Cir. 2004). "Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" *Id.* (quoting *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir. 1991)); *see also Cerrone v. Brown,* 246 F.3d 194, 202-03 (2d Cir. 2001) (arguable probable cause exists "when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well established law." (emphasis in original, citation omitted)). The Second Circuit acknowledges that "qualified immunity employs a deliberately 'forgiving' standard of review. . . that 'provides ample protection to all but the plainly incompetent or those who knowingly violate the law.'" *Zalaski v. City of Hartford*, 723 F.3d 382, 389 (2d Cir. 2013) (quoting *Malley v. Briggs,* 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L.Ed.2d 271 (1986)) (additional citations omitted). An officer accused of false arrest "is subject

to suit only if his 'judgment was so flawed that no reasonable officer would have made a similar choice.'" *Provost v. City of Newburgh,* 262 F.3d 146, 160 (2d Cir. 2001) (*quoting Lennon v. Miller,* 66 F.3d 416, 425 (2d Cir. 1995)).

Plaintiff's argument against a finding of probable cause, made without any citation to case law, is that it is "obvious that stepping onto a driveway does not constitute unlawful conduct" and that "there exists no authority which suggests that such conduct is unlawful." Pl. Opp. at 1. He frames the issue as "whether a police officer could reasonably believe that stepping onto a driveway 'to observe work being done on his own driveway' is a violation of law." *Id.* New York law provides that "[a] person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises." N.Y. PENAL LAW § 140.05. Officer Ward was presented with a complaining witness who claimed that plaintiff was unlawfully on her property. Based on the facts presented, the Court finds that Ward had, at the very least, arguable probable cause for arresting plaintiff and that his actions were objectively reasonable. Thus, Ward would be entitled to qualified immunity even if the false arrest claim had survived this motion.

**D. Municipal liability**

It is not at all clear from plaintiff's sparse complaint whether he asserts a cause of action for municipal liability under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). It is beyond dispute, however, that a viable *Monell* claim must rest upon an underlying constitutional violation. *See, e.g., Segal v. City of New York,* 459 F.3d 207, 219 (2d Cir. 2006) (*"Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's

7

failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." (emphasis in original)). When a plaintiff fails to establish an "underlying claim of a deprivation of a constitutional right, the claim of municipal liability on the part of the municipal defendant must be dismissed as well." *Mangino v. Inc. Vill. of Patchogue*, 739 F. Supp. 2d 205, 259 (E.D.N.Y. 2010). As plaintiff has failed to prove an underlying constitutional violation, any purported cause of action for municipal liability must also be dismissed.

## III. CONCLUSION

For the foregoing reasons, the County Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 13, 2016
      Central Islip, New York